IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LUCKY BRUTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12CV253 |
| | ) | |
| | ) | |
| FIRSTHEALTH OF THE CAROLINAS, | ) | |
| INC. | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lucky Bruton, formerly a paramedic for FirstHealth of the Carolinas, Inc. ("FirstHealth"), brought this action alleging that FirstHealth discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), on the basis of a disability in violation of the Americans with Disabilities Act ("ADA"), and on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA") and N.C. Gen. Stat § 143-422.2. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant now moves to dismiss Ms. Bruton's causes of action for "injunctive relief" and "punitive damages" as well as any claim for unlawful retaliation contained in the complaint [Doc. # 3]. For the reasons set forth below, the Defendant's Motion to Dismiss will be GRANTED as to any purported freestanding cause of action for punitive damages and injunctive relief. Any claim for unlawful retaliation is DISMISSED for a lack of subject matter

jurisdiction, and the defendant's Motion to Dismiss any such claim pursuant to Rule 12(b)(6) is DENIED as MOOT.

I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (plaintiff must articulate facts that "show a plausibility of entitlement to relief") (internal citations and quotations omitted). A plaintiff must therefore plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Accordingly, while a plaintiff need not plead facts that constitute a prima facie case, his "[f]actual allegations must be enough to raise a right to relief above the speculative level." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Twombly, 550 U.S. at 555).

II.

Ms. Bruton was once employed by FirstHealth, an employer covered by the ADA, the ADEA, and Title VII.[1] See Doc. # 5 ¶¶ 3, 8, 20, 29. FirstHealth terminated her employment on January 11, 2011, when Ms. Bruton was 57 years

---

[1] For the purposes of this motion to dismiss, all of Ms. Bruton's well-pleaded factual allegations are assumed to be true. See Iqbal, 556 U.S. at 679.

2

old. Id. ¶ 3. FirstHealth hired a less experienced younger male to replace Ms. Bruton. Id. ¶ 6. At the time she was terminated, Ms. Bruton suffered from a variety of disabilities including a "depression condition," id. ¶ 27, arthritis, hypertension, and diabetes. See id. ¶ 32. At least some of these conditions required "minor accommodation of her work schedule and/or duties." Id. ¶ 32.

Following her termination, Ms. Bruton filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC").[2] See Doc. # 4, ex. E. In filling out the Charge, Ms. Bruton checked only the boxes for discrimination based on "sex," "age," and "disability." Id. In the box designated for "the particulars," Ms. Bruton stated:

I. On January 2, 2011, I was discharged from the position of NREMT Paramedic. I had been employed with First Health [sic] of the Carolinas since September 1, 1996. First Health [sic] of the Carolinas employs more than twenty (20) persons.
II. Ms. Donna Strong, [sic] informed me that I was discharged for falsification of document. [sic]
III. I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, my age, 57, in violation of the Age Discrimination in Employment Act of 1967, and my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

Id.

---

[2] Ms. Bruton's complaint mentions and relies upon her EEOC charge, which is attached to the Defendant's reply brief See Doc. # 4, ex. E. As such, the charge is incorporated into the complaint by reference, and can be considered when evaluating FirstHealth's Motion to Dismiss. See Tellabs, Inc. v. Makor Issues & Rights, 551 U.S. 308, 322 (2007) (When considering a 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

3

After receiving a right to sue letter from the EEOC, Ms. Bruton initiated this lawsuit in North Carolina state court.  See Doc. # 4 ¶ 21.  Consistent with the Charge, her complaint alleges causes of action under the ADA for discrimination based on disability, see id. ¶¶ 26–39, under the ADEA for discrimination based on age, see id. ¶¶ 8–13, and under Title VII for discrimination based on gender.[3]  See id. ¶¶ 14–22.  The complaint also includes two sections respectively entitled "THIRD CAUSE OF ACTION: PUNITIVE DAMAGES" and "FIFTH CAUSE OF ACTION: INJUNCTIVE RELIEF."  Id. at 4, 6.  While the complaint does not include a stated "cause of action" for retaliation, it does allege retaliatory acts in at least three paragraphs.[4]

After removing the claim to federal court, see Doc. # 1, FirstHealth filed a Motion to Dismiss the purported causes of action for "injunctive relief" and "punitive damages," as well as any claim for retaliation that Ms. Bruton's complaint

---

[3] Ms. Bruton's complaint also states that the alleged gender discrimination "violates the public policy of the State of North Carolina[.]"  Doc. # 4 ¶ 20.

[4]  See Doc. # 4 ¶ 12 ("Defendant's actions against Plaintiff were unfair, made in bad faith, in retaliation for her protected activities of objecting to the discriminatory conduct..."); ¶ 27 ("That As [sic] a direct result of the need for treatment of the disc disease in her back and her chronic pain, Plaintiff notified management of Defendant regarding her concerns about disability discrimination and retaliation in the workplace by managers of the Defendant.  In addition, she had requested accommodation for her depression condition as well [sic].  Upon information and belief, she also experienced discrimination and retaliation for this condition."); ¶ 36 ("The effect of Defendant's policies and practices . . . is a direct violation of the ADA in that Defendant: . . . by retaliating [sic] against her when she requested the accommodation under the ADA[.]")

4

could be construed to contain [Doc. # 3].

III.

The law does not recognize a freestanding cause of action for "injunctive relief" or "punitive damages." A "cause of action" is "a factual situation that entitles one person to obtain a remedy in court from another person[,]" a "legal theory of a lawsuit[,]" or "[l]oosely, a lawsuit." BLACK'S LAW DICTIONARY 251 (9th ed. 2009). In contrast, "punitive damages" and "injunctive relief" are forms of relief that can sometimes be granted when a party prevails on a cause of action. See, e.g. Gauldin v. Honda Power Equipment Mfg., Inc., 351 F.Supp.2d 455, 458 (M.D.N.C. 2005) ("The doctrine of punitive damages is a means of punishing a wrongdoer but does not, by itself, provide an independent basis for asserting a claim."). It does not appear that Ms. Bruton opposes FirstHealth's motion to dismiss any freestanding cause of action purportedly arising from either form of relief. Ms. Bruton's Response in Opposition to Defendant's Motion to Dismiss claims that "Plaintiff simply intended them to be brought to the Court's attention as forms of relief sought by the Plaintiff." Doc. # 8 at 1. The Defendant's Motion to Dismiss freestanding causes of action for injunctive relief or punitive damages is therefore GRANTED.[5]

IV.

---

[5] This ruling does not affect the availability of either form of relief should Ms. Bruton prevail on her other claims.

5

The ADA, the ADEA, and Title VII prohibit not only "substantive" discrimination, but also retaliation against an employee who either opposed acts or practices prohibited by the Acts or who had participated in any investigation or proceeding under the Acts. See 42 U.S.C.A. § 2000e-3(a); 42 U.S.C.A. § 12203; 29 U.S.C.A. § 623(d). The standards governing retaliation claims under the ADA, the ADEA, and Title VII are largely interchangeable, and courts frequently rely on cases interpreting one Act when evaluating a claim brought under a different Act.[6] It is, again, questionable whether Ms. Bruton intended to bring any claim for retaliation.[7] However, the complaint arguably alleges facts that could give rise to a cause of action for retaliation under the ADA and the ADEA, and Ms. Bruton opposed FirstHealth's motion to dismiss any claim for retaliation that was in fact raised. Given these facts, this court's jurisdiction over any attempted retaliation claim will be considered.

In order to have standing to bring suit under any of the three Acts, a plaintiff

---

[6] See A Soc'y Without A Name v. Virginia, 655 F.3d 342, 352 (4th Cir. 2011) (Motz, J., concurring) ("Given that the ADA's anti-retaliation provision is identical to Title VII's, the standard laid out by the Supreme Court for purposes of Title VII controls in this ADA case."); See also Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996) ("The analytical framework for ADEA discrimination and retaliation cases was patterned after the framework for Title VII cases, and our precedents are largely interchangeable.").

[7] Despite Ms. Bruton's counsel's enthusiasm for naming "causes of action," at no point was a cause of action for retaliation named in the complaint. While counsel occasionally mentioned "retaliation," most mentions seem to arise more from counsel's less-than-careful approach to legal writing than from an attempt to properly bring forward a retaliation claim.

must have exhausted administrative remedies by filing a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 625(d). Those allegations contained in an EEOC charge generally "fix[] the scope of the charging party's subsequent right to institute a civil suit." King v. Seaboard Coast Line R. Co., 538 F.2d 581, 583 (4th Cir. 1976). However, "[w]hile the EEOC charge defines the scope of the plaintiff's right to institute a civil suit, an administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005) (quotations omitted). As such, in order for this court to have jurisdiction over any retaliation claim, that claim must have been either raised in a charge previously filed with the EEOC or reasonably related to the allegations included in such a charge. If Ms. Bruton failed to exhaust a claim for retaliation, that fact "deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Here, it is undisputed that Ms. Bruton did not check the box for "retaliation" on the Charge. See Doc. # 4, ex. E. The question is therefore whether any retaliation claim is "reasonably related to her EEOC charge such that it would have reasonably been expected to follow from an administrative investigation of that charge." Miles, 429 F.3d at 492. The answer to that question generally depends

7

on what was included in a charge's narrative section.  See id.  The narrative section of Ms. Bruton's charge – quoted in its entirety above – included only the most cursory of allegations.  It does not mention any communication, protest, or other action taken by Ms. Bruton that could have caused a retaliatory response.  The Fourth Circuit has found courts to lack jurisdiction over retaliation claims predicated on significantly more suggestive charges.  For example, in Miles, the Court held that a retaliation claim was not reasonably related to an EEOC charge where, "[a]lthough [plaintiff's] narrative states that she complained to [the firing employee's supervisor], it does not state that she complained to him about discrimination."  429 F.3d at 493 (emphasis in original).  Any claim for retaliation is therefore not reasonably related to the Charge's allegations.  If Ms. Bruton's complaint indeed raised a claim for unlawful retaliation, this Court lacks jurisdiction to here it.

FirstHealth challenged Ms. Bruton's failure to exhaust pursuant to Fed. R. Civ. P. 12(b)(6).  Since a failure to exhaust deprives federal courts of jurisdiction over the claim, see Jones, 551 F.3d at 300, a more appropriate procedural vehicle would have been Fed. R. Civ. P. 12(b)(1).  Regardless, a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).  Any claim for unlawful retaliation is therefore DISMISSED for a lack of subject matter jurisdiction.  FirstHealth's motion to dismiss pursuant to Rule 12(b)(6) is DENIED as MOOT.

8

V.

For the reasons discussed above, the Defendant's 12(b)(6) Motion to Dismiss [Doc. # 3] is GRANTED as it relates to freestanding causes of action for "punitive damages" and "injunctive relief." Any claim for retaliation under the ADA, ADEA, or Title VII is DISMISSED for lack of subject matter jurisdiction. Defendant's Motion to Dismiss any claims of retaliation pursuant to 12(b)(6) [Doc. # 3] is DENIED as MOOT.

This the 28th day of November, 2012

      /s/   N. Carlton Tilley, Jr.
Senior United States District Judge